1400-22395

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EXTREME COLD, LLC** | * | **CIVIL ACTION NO.** _____ |
| | * | |
| Plaintiff | * | |
| | * | |
| **v.** | * | **JUDGE:** _____ |
| | * | |
| **TRIPLETAIL COOLERS, LLC** | * | |
| | * | |
| Defendant | * | **MAGISTRATE:** _____ |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## COMPLAINT

COMES NOW, Plaintiff, Extreme Cold, LLC ("Extreme Cold"), and for its complaint against Defendant, Tripletail coolers, LLC ("Tripletail"), alleges as follows:

### The Parties

1.

Extreme Cold is a limited liability company organized and existing under the laws of the State of Louisiana with a principal place of business at 106 Park Place Drive, Suite #300, Covington, LA 70433.

2.

Tripletail is a limited liability company organized and existing under the laws of the State of Mississippi with a principal place of business at 4219 20th Avenue, Bay St. Louis, Mississippi 39520.

**Jurisdiction and Venue**

3.

The amount in controversy exceeds $75,000.00 and all parties are citizens of different States. Accordingly, jurisdiction vests in this Court pursuant to 28 U.S.C. § 1332.

4.

Venue is appropriate in the Eastern District for the State of Louisiana as this is the venue in which "a substantial part of the events or omissions giving rise to the claim occurred."   28 U.S.C. § 1391 (b)(2

5.

This Court has personal jurisdiction of over Tripletail because, *inter alia*, Tripletail has done and is doing business in the State of Louisiana, including in this District.   Tripletail has advertised, offered for sale and sold products in the State of Louisiana.    Further, upon information and belief, purchasers of Tripletail's product reside in the State of Louisiana.

**Facts and Background**

6.

Extreme Cold was founded for the purpose of developing, manufacturing, marketing and selling of high quality portable coolers and ice retention products.

7.

Extreme Cold has filed a trademark application with the United States Patent and Trademark Office for the trademark "KYSEK ™" and has acquired rights to such trademark through extensive use in interstate commerce.

8.

"KYSEK ™" brand coolers are sold through the website www.kysek.com and are available in various sizes ranging from twenty-five (25) to one hundred fifty (150) liters.

9.

"KYSEK ™" brand coolers have a notable design with unique features and specifications that are only offered by Extreme Cold, specifically the integrated wheels, the latches, the hinges, both drain valves, the corner columns, the under pads, stainless steel ears for locking, etc.

10.

On about August 10, 2012, Extreme Cold entered into a contract with Shanghai Kangjiebao New Chemicals Materials, Co., Ltd. (Kangjiebao"), which is located in Shanghai, China, for the purposes of manufacturing molds to produce "KYSEK  ™" brand coolers (the "Extreme Cold/Kangjiebao Contract") and further providing a unit rate schedule for the supply of "KYSEK ™" brand coolers.

11.

Extreme Cold provided the design for the mold pursuant to specifications for the "KYSEK ™" product which incorporated Extreme Cold's unique design features.

12.

The Extreme Cold/Kangjiebao Contract unambiguously stipulates that the molds used to manufacture "KYSEK ™" brand coolers are the exclusive property of Extreme Cold.

13.

Extreme Cold paid Kangjiebao in full according to the terms and conditions of the Extreme Cold/Kangjiebao Contract and began ordering shipments of "KYSEK ™" brand coolers.

14.

Between November 25, 2013 and December 10, 2014, Kangjiebao supplied Extreme Cold twelve (12) shipments of "KYSEK ™" brand coolers.

15.

On or about, May 1, 2015, Extreme Cold terminated the Extreme Cold/Kangjiebao Contract due to quality control issues with Kangjiebao's manufacture of the "KYSEK ™" brand coolers.

16.

On or about May 1, 2015, Extreme Cold demanded return of the molds used in the manufacture of the "KYSEK ™" brand coolers which were the exclusive property of Extreme Cold pursuant to the "Extreme Cold/Kangjiebao Contract;" however, Kangjieboa refused.

17.

On or about March 27, 2016, Extreme Cold discovered that Tripletail was selling a product manufactured by Kangjieboa and using the molds Extreme Cold designed and purchased for the sole and exclusive manufacture of "KYSEK ™" brand coolers.

18.

With the exception of the name, the Tripletail coolers are identical in design to the KYSEK brand coolers and were manufactured with the molds designed and purchased by Extreme Cold for the sole and exclusive manufacture of "KYSEK ™" brand coolers.

19.

Tripletail is advertising and/or offering the re-branded "KYSEK ™" product for sale in no less than eight (8) locations, including the Rigolets Marina in Slidell, LA.

20.

On April 13, 2016, counsel for Extreme Cold placed Tripletail on notice that Extreme Cold owns the "KYSEK ™" molds and that Tripletail's continued use and sale of products using the molds designed and purchased by Extreme Cold for the sole and exclusive manufacture of "KYSEK ™" brand coolers was unauthorized by Extreme Cold.

21.

On or about April 14, 2016, Tripletail responded to Extreme Cold advising, in part, it had "no knowledge of the contract you [Extreme Cold] claim KJB [Kangjiebao] and Extreme Cold have in place, (sic), That you [Extreme Cold] claim prohibits KJB [Kangjiebao] from manufacturing for other companies. I also have no knowledge of any proof that Extreme Cold designed the exact mold used to make Tripletail Coolers. I was assured by KJB [Kangjiebao] that they [Kangjiebao] designed and owned the mold."

22.

On or about April 27, 2016, Extreme Cold attempted to contact Tripletail to provide it with additional specifics and to again advise that Kangjiebao was not authorized to provide Tripletail's coolers using the Extreme Cold molds pursuant to the "Extreme Cold/Kangjiebao Contract." Tripletail refused to respond and refuses to cease the sale of the Tripletail products that were manufactured using the molds designed and purchased by Extreme Cold for the sole and exclusive manufacture of "KYSEK ™" brand coolers.

23.

Upon information and belief, Tripletail continues selling coolers using the molds designed and purchased by Extreme Cold for the sole and exclusive manufacture of "KYSEK ™" brand coolers.

24.

As set forth below, Tripletail's actions are unlawful.

## COUNT ONE: UNFAIR TRADE PRACTICES

25.

The allegations of Paragraphs 1-18 are incorporated herein and re-alleged into Count One: Unfair Trade Practices Act.

26.

Tripletail's use of the Extreme Cold molds designed and purchased by Extreme Cold for the sole and exclusive manufacture of "KYSEK ™" brand coolers violates and offends public policy and is immoral, unethical, oppressive and unscrupulous.

27.

The conduct of Tripletail is in violation of La. Rev. Stat. 51:1401, et seq., in that the use of Extreme Cold's molds by Tripletail constitutes a method of unfair competition and/or an unfair or deceptive act or practice in the conduct of trade or commerce.

28.

Extreme Cold has been, and continues to be, harmed as a result of Tripletail's actions and has suffered an ascertainable loss of money.

## COUNT TWO:

## UNJUST ENRICHMENT

### 29.

The allegations of Paragraphs 1-18 are incorporated herein and realleged into Count Three: Unjust Enrichment.

### 30.

Based on the use of Extreme Cold's molds, Tripletail has wrongfully obtained benefits at Extreme Cold's expense, operated with an undue advantage and been unjustly enriched.

### 31.

Extreme Cold has been, and continues to be, harmed as a result of Tripletail's actions.

### **Demand for Jury Trial**

Extreme Cold demands a jury trial on all issues triable by jury.

### **Prayer for Relief**

WHEREFORE, Extreme Cold, LLC respectfully prays that, after all due and legal proceedings are had, this Court enter a judgment that:

1.   awards Extreme Cold actual damages for any and all losses sustained by Extreme Cold resulting from Tripletail's actions as described herein;

2.   awards Extreme Cold treble actual damages as a result of Tripletail's knowing continuation of any unfair trade practice after proper notification pursuant to La. R.S. 51:1409, including awarding monetary damages;

3.   awards Extreme Cold reasonable attorneys fees and costs for the bringing of this action; and

4.      For all such other relief as this Court deems just and proper.

Dated, this the ___ day of , 2016.

Respectfully submitted,


_____ /s/ Michael W.Rutledge _____
MICHAEL W. RUTLEDGE (#100325)
DAVID P. SALLEY (#19770)
Salley Hite Mercer & Resor
Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel:   504-566-8800
Fax:   504-566-8828
**Attorneys for Extreme Cold, LLC**